UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:13-cv-21295-FAM

YAILYN BENITEZ,

      Plaintiff,

v.

CREDIT CONTROL SERVICES, INC.,
d/b/a CREDIT COLLECTION SERVICES,

      Defendants,

_____/

## JOINT PROPOSED JURY INSTRUCTIONS

PROPOSED JURY INSTRUCTION No. 1
(Nature of the Action)

Plaintiff YAILYN BENITEZ brings this action against Defendant, Credit Control Services, Inc. d/b/a Credit Collection Services, for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. which, for convenience, we will refer to as the "TCPA."

The TCPA prohibits any person from making any call, other than a call made for emergency purposes or made with the prior express consent of the called party, using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service. The Defendant denies having violated the TCPA.

Authority: 47 U.S.C §227

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN

PROPOSED JURY INSTRUCTION NO. 2
(11th Pattern Instruction No. 1.1)
(Conduct of the Jury)

Members of the Jury, now that you have been sworn, I need to explain some basic principles about a civil trial and your duties as jurors.  I will give you more detailed instructions at the close of evidence.

It is your duty to listen to the evidence, decide what happened, and apply the law to the facts. It is my job to provide you with the law you must apply—and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness did not personally see it rain. Indirect evidence like this is also called "circumstantial evidence"—simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you will hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments are not evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves are not evidence and should not play a role in your deliberations.

Second, the lawyers' questions and objections are not evidence. Only the witnesses' answers are evidence. Do not decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did—unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence—this is also called "striking" evidence— and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case. I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of a witness:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;
- the witness's memory;
- the witness's manner while testifying;
- any interest the witness has in the outcome of the case;
- any bias or prejudice the witness may have;
- any other evidence that contradicts the witness's testimony;
- the reasonableness of the witness's testimony in light of all the evidence; and
- any other factors affecting believability.

At the end of the trial, I will give you additional guidelines for determining a

witness's credibility.

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone. You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything—all the evidence, the lawyers' closing arguments, and my instructions on the law—before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision. In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair—no one else is so qualified.

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room. Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Let's walk through the trial. First, each side may make an opening statement, but

they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Plaintiff will present her witnesses and ask them questions. After Plaintiff questions the witness, Defendant may ask the witness questions—this is called "cross-examining" the witness. Then Defendant will present its witnesses, and Plaintiff may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN

JOINT REQUESTED INSTRUCTION NO. 3
(11th Pattern Instruction No. 1.4)
(Jury Questions)

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I will ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I will share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules.

Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.
- Second, the court cannot re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.
- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that does not express an opinion about the case or a witness. You must keep an open mind until you have heard all the evidence, the closing arguments, and my final instructions on the law.

Granted     _____

Denied     _____

Modified     _____

Withdrawn     _____

PROPOSED JURY INSTRUCTION NO. 4
(11th Pattern Instruction No. 3.1)
(Official English Translation/Interpretation)

You may hear or see languages other than English during this trial. You must consider evidence provided through only the official court translator. It is important that all jurors consider the same evidence. So even if some of you know Spanish, you must accept the English translation provided and disregard any different meaning.

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN

PROPOSED JURY INSTRUCTION No. 5
(11th Pattern Instruction No. 2.2)
(Consideration Of The Evidence
Duty To Follow Instructions
Corporate Party Involved)

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes calls deliberations.

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it—even if you do not agree with the law— and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN

PROPOSED JURY INSTRUCTION No. 6
(11th Pattern Instruction No. 3.3)
(Consideration of Direct and Circumstantial Evidence;
Argument of Counsel; Comments by the Court)

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There is no legal difference in the weight you may give to either direct or circumstantial evidence.

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN

PROPOSED JURY INSTRUCTION No. 7
(11th Pattern Instruction No. 3)
(Credibility of Witnesses)

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?
- Did the witness have any particular reason not to tell the truth?
- Did the witness have a personal interest in the outcome of the case?
- Did the witness seem to have a good memory?
- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
- Did the witness appear to understand the questions clearly and answer them directly?
- Did the witness's testimony differ from other testimony or other evidence?

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN

PROPOSED JURY INSTRUCTION NO. 8
(11th Pattern Instruction No. 4.1)
(Impeachment Of Witnesses
Inconsistent Statement)

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN

PROPOSED JURY INSTRUCTION NO. 9
(Telephone Consumer Protection Act and Damages)

Plaintiff seeks damages under the Telephone Consumer Protection Act. The TCPA states that "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service."

Authority: 47 U.S.C § 227 (b)(1)(A)(iii), 47 U.S.C § 227(b)(3)(B), 47 U.S.C § 227(b)(3)(C)

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN

PROPOSED JURY INSTRUCTION NO. 10
(11th Pattern Instruction No. 3.7.1)
(Responsibility for Proof—Plaintiff's Claim—Preponderance of the Evidence)

In this case it is the responsibility of the Plaintiff to prove every essential part of her claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true. If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them. If the proof fails to establish any essential part of the Plaintiff's claims by a preponderance of the evidence, you should find for the Defendant.

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN

PROPOSED JURY INSTRUCTION NO. 11
(11th Pattern Instruction No. 3.7.2)
(Responsibility for Proof—Affirmative Defense Preponderance of the Evidence)

In this case, the Defendant asserts the affirmative defense or prior express consent. Even if the Plaintiff proves her claims by a preponderance of the evidence, the Defendant can prevail in this case if it proves an affirmative defense by a preponderance of the evidence.

I caution you that the Defendant does not have to disprove the Plaintiff's claim, but if the Defendant raises an affirmative defense, the only way it can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN

PROPOSED JURY INSTRUCTION NO. 12
(Prior Express Consent under the TCPA)

*If a customer represents to a creditor that a family member's cellphone number belongs to the customer, there is no liability for calls to the family member's cellphone number by the collection agency hired by the creditor to collect a debt from the customer.*

**[Plaintiff objects to the inclusion of the italicized language above in Jury Instruction No.12 and cites as authority the only Appellate level decision on this issue, _Soppet v Enhanced Recovery Co., LLC_, 679 F. 3d637, 641 (7th Cir. 2012), which held that consent to call a given telephone number must come from its current subscriber. The 7th Circuit issued its decision in _Soppet_ one day before the District Court issued its opinion in the _Osorio_ case, which is cited by Defendant in support of its contention that a family member may consent for another person. Plaintiff points out that the _Osorio_ decision is on appeal to the 11th Circuit, which has set oral argument for next month. Plaintiff proposes that instead of the foregoing paragraph, the Jury be instructed, in place thereof, as follows:**

**In order for Defendant to prove consent, Defendant must show that Plaintiff, herself, provided her cellular telephone number to Allstate Insurance Company.]**

A person who releases a cellphone number to a business has given prior express consent to be called at the number which has been given, absent instructions to the contrary.

Calls placed by a third party collector on behalf of a business are treated as if the business itself placed the call.

If there is a question as to whether express consent was provided, the burden is on the Defendant to show that it obtained the necessary prior express consent.

Authority:

FCC, IN THE MATTER OF RULES AND REGULATIONS IMPLEMENTING THE TELEPHONE CONSUMER PROTECTION ACT OF 1991. 92-443, ¶ 31. (1992)

*Osorio v. State Farm Bank, F.S.B.*, 859 F. Supp. 2d 1326, 1329-30 (S.D. Fla. 2012).

FCC, IN THE MATTER OF RULES AND REGULATIONS IMPLEMENTING THE TELEPHONE CONSUMER PROTECTION ACT OF 1991: REQUEST OF ACA INTERNATIONAL FOR CLARIFICATION AND DECLARATORY RULING, 07-232, ¶¶ 10, 12 n.23 (2007)


_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN

PROPOSED JURY INSTRUCTION NO. 13
(Willfully or Knowing Standard under the TCPA)

*If you find that Defendant violated TCPA, the Court will award the Plaintiff statutory damages in the amount of $500 per call.  Therefore, you need not consider the issue of statutory damages.*

**[Plaintiff objects to the inclusion of the italicized language above in Jury Instruction No.13 as confusing to the Jury because if the Jury finds that a violative call occurred, the Court would automatically impose the minimum statutory damages of $500 for each violation, and thus, there is no reason for the Jury to be involved in the arithmetic regarding the minimum statutory damages. Plaintiff contends that the first paragraph of this instruction should not be given, and that, "[h]owever," should be deleted from the subsequent paragraph.]**

However, if you find that Defendant violated the TCPA, you must also determine whether Defendant's violations were "willfully or knowingly". Plaintiff has the burden of proving willfulness or knowingly by the preponderance of the evidence. Your are instructed that "knowingly" means that a defendant realized what it was doing and was aware of the nature of his conduct. It means that it did not act through ignorance, mistake or accident. Knowledge may be proven by the defendant's conduct and by all facts and circumstance surrounding the case. Willfully means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is, with reckless disregard either to disobey or to disregard the law.

If you determine that Defendant knowingly or willfully violated the TCPA, you may award the Plaintiff an additional amount from $0 to $1,000 for each knowing or willful violation.

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN

PROPOSED JURY INSTRUCTION NO. 14
(11th Pattern Instruction No. 3.8.1)
(Duty to Deliberate)


Of course, the fact that I will be giving you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN

PROPOSED JURY INSTRUCTION NO. 15
(11th Pattern Instruction No. 8)
Election Of Foreperson
Explanation Of Verdict Form(s)

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court. A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with us at any time, please write down your message or question and pass the note to the marshal who will bring it to our attention. We will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that we can address you orally. We caution you, however, with regard to any message or question you might send, that you should not tell us your numerical division at the time.

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN

PROPOSED JURY INSTRUCTION RE:
DEPOSITION TESTIMONY OF ALLSTATE
(11th Pattern Instruction No. 2.2)
(Use of Depositions)

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of Marco Yearwood as the corporate representative of Allstate Fire & Casualty Insurance Company, Inc., taken on October 31, 2013, is about to be presented to you by reading the transcript. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.  Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN

PROPOSED JURY INSTRUCTION RE: AUDIO RECORDINGS
(11th Pattern Instruction No. 2.3)
(Use of Recorded Conversations and Transcripts)

Now you're going to hear a recorded telephone message. This is proper evidence for you to consider. Please listen to it very carefully.

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ DENIED
_____ WITHDRAWN