UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 13-21295-CIV-MORENO

YAILYN BENITEZ,

    Plaintiff,

vs.

CREDIT CONTROL SERVICES, INC. d/b/a
CREDIT COLLECTION SERVICES,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S BILL OF COSTS

This case comes before the Court on Defendant's Bill of Costs. This Court held a jury trial on this matter, and the jury returned a verdict in favor of Defendant on January 16, 2014. Defendant seeks an award of costs in the amount of $2,614.67. Plaintiff objects to all but $906.49 of the bill of costs. Plaintiff objects to (1) the fees paid for service of summons and subpoenas and (2) the fees for the printed transcripts of witnesses Eduardo Dusted and Maria Largo. For the reasons that follow, this Court GRANTS IN PART Defendant's Bill of Costs. Defendant shall be awarded $2,103.87.

Prevailing parties are entitled to receive costs under Rule 54(d). Fed. R. Civ. P. 54(d). This Court may grant costs under 28 U.S.C. § 1920. Items this Court may issue costs for include fees for printed or electronically recorded transcripts and fees for exemplification and costs of making copies of materials where the transcripts or copies were necessarily obtained for use in the case. *Id.* at § 1920(2), (4). The Court may also tax the cost of serving process and subpoenas. 28 U.S.C. § 1920(1); § 1921.

Plaintiff has objected to the costs associated with Plaintiff Yailyn Benitez and witnesses Eduardo Dusted and Maria Largo. Depositions need not be admitted at trial to be considered necessary, and they will be considered necessarily obtained for use in the case where they are related to an issue present when the deposition is taken. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000). "Because the parties presumably have equal knowledge of the basis for each deposition, unlike costs

relating to photocopies, the non-prevailing party bears the burden of showing that specific deposition costs or a court report's fee was not related to an issue present in the case at the time of a deposition." *Monelus v. Tocondrian, Inc.*, 609 F.Supp.2d 1328, 1337 (S.D. Fla. 2009).

Plaintiff listed herself as a witness on her witness list. The Eleventh Circuit has held that "[t]axation of deposition costs of witnesses on the losing party's witness list is reasonable because the listing of those witnesses indicated both that the [party] might need the deposition transcripts to cross-examine the witnesses, ... and that the information those people had on the subject matter wasnot so irrelevant or so unimportant that their depositions were outside the bounds of discovery." *Maris Distributing Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002). The deposition of Plaintiff falls squarely under this language. The award of costs for deposing Plaintiff is appropriate.

Additionally, Plaintiff objects to the taxing of exhibit costs and shipping and handling fees for the costs associated with deposing Marcos Yearwood, the Allstate Insurance Company representative. This court finds that the costs for the exhibits and condensed transcript were properly taxed. Courts in this district have found that shipping and handling fees are not ordinarily taxable. *See, e.g. McCalla v. Avmed, Inc.*, 2011 WL 5190946 at *3 (S.D. Fla. Nov. 1, 2011). The shipping costs for Yearwood's deposition were $53.41. The Court will thus reduce the award by that amount. Defendant's costs for fees for printed or electronically recorded transcripts necessarily obtained for use in the case will be reduced from $1,481.29 to $1,427.88.

Regarding the costs associated with the depositions of Dusted and Largo, Defendant relied on the theory of prior express consent in its defense. More specifically, Defendant argued that Plaintiff provided her cellular telephone number to the original creditor during a phone call made on behalf of Largo and Dusted, her mother and stepfather, respectively. This issue was raised during the depositions of Largo and Dusted. Thus, the costs of were related to an issue present at the time of deposition, and were necessarily obtained for use in the case.

Plaintiff has also objected to the $677.39 fees for service of summons and subpoena. As above, in challenging the costs, it is the Plaintiff's burden to show that the costs served are not recoverable.

*See Martinez Pinillos v. Air FLow Filters, Inc.*, 2010 WL 6121708 at *2 (Dec. 22, 2010); *see also Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). Plaintiff objects to the amount paid to the private process server to the extent that they exceed the $55 per hour charged by the U.S. Marshall. *See* C.F.R. § 0.114(a)(3). The bills Defendant has provided from the process server indicate "Extra-Stop" and "expedited fee[s]." Without additional explanation on the nature of these additional fees, this Court will reduce the award to $55 per subpoena served. *See Martinez Pinillos v. Air FLow Filters, Inc.*, 2010 WL 6121708 at *2. Defendant's argument that Plaintiff must prove what the Marshall service would have charged in order to alter the award is unpersuasive. Defendant served both Dusted and Largo twice; once in October and again in January in preparation for trial. Thus, the costs Defendant will be awarded for the service of subpoenas is reduced from $677.39 to $220.00.

Plaintiff has not challenged the remainder of the costs. This Court finds that they are reasonable. The Plaintiff shall be taxed **$2,103.87** in costs.

THIS CAUSE came before the Court upon Defendant's Bill of Costs **(D.E. No. 52)**, filed on **February 13, 2014**.

THE COURT has considered the motion, response, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED IN PART.

DONE AND ORDERED in Chambers at Miami, Florida, this 3 day of April, 2014.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record